IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DENNIS SHIPMAN,   *

   Plaintiff,   *

     v.   *   Civil Action No.: RDB-13-0334

EDWARD MASON, et al.,   *

  *

   Defendants.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

The above-captioned case was filed by the self-represented Plaintiff Dennis Shipman. On February 28, 2013, this Court entered an Order (ECF No. 3) dismissing Plaintiff's claims against Defendants Edward Mason, Jairo Amaya, and Trans America Logistics (collectively, "Defendants") for lack of personal jurisdiction and improper venue. Now pending before this Court is the Plaintiff's "Motion for Reconsideration Pursuant to Rule 54(b) Fed. R. Civ. P." (ECF No. 4) ("Motion"). No hearing is deemed necessary. Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the Plaintiff's Motion is DENIED.

The Plaintiff filed his Complaint in this District, asserting claims of breach of contract, conversion, intentional infliction of emotional distress, and tortious interference. The Plaintiff asserted that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the Plaintiff is a citizen of Maryland and all Defendants are citizens of Virginia. This Court granted the Plaintiff's Motion to Proceed *In Forma Pauperis*, but concluded that venue was not proper in the District of Maryland pursuant to 28 U.S.C. § 1391(b). Finding no basis to

1

conclude that the Defendants are subject to personal jurisdiction in Maryland, this Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1406. The Plaintiff moved for reconsideration of an interlocutory order under Federal Rule of Civil Procedure 54(b).

Rule 54(b) provides in pertinent part that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Boyd v. Coventry Health Care, Inc.*, 828 F. Supp. 2d 809, 813-14 (D. Md. 2011). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment. Rather, whether to review a prior decision is left to the discretion of the district judge." *WW, LLC v. Coffee Beanery, Ltd.*, No. WMN-05-3360, 2013 WL 4602845, at *1 (D. Md. Aug. 28, 2013) (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) and *Boyd*, 828 F. Supp. 2d at 813-14). However, "relief is rarely ever appropriate when the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to change its mind." *Boyd*, 828 F. Supp. 2d at 814 (quoting *Pritchard v. Wal-Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001) (internal quotation marks and alterations omitted)).

In this case, the Plaintiff merely asks this Court to change its mind. In his Complaint, the Plaintiff did not allege that any event giving rise to the claims occurred in Maryland. While the Plaintiff alleges several acts that took place in Virginia, it appears that the only reference to Maryland in the Complaint is the Plaintiff's own address. In his Motion, the Plaintiff argues that this Court's "Order is predicated on a factually incorrect reading of the complaint," and that "[a]ll of the 'events giving rise to the claim' did in fact occur in

2

Maryland." ECF No. 4. However, the Plaintiff does not make any allegations as to what those events were or otherwise elaborate. The Plaintiff has not cured the defects in his pleading so as to make venue proper in the District of Maryland. 28 U.S.C. § 1406. Accordingly, even construing the Motion in the most liberal sense possible in light of the Plaintiff's pro se status, there is simply no basis to revise this Court's February 28, 2013 Order.

This Court notes that the dismissal of this case was based solely on improper venue, and not on federal jurisdictional grounds. Based on the allegation in the Plaintiff's Complaint that all Defendants reside in Alexandria, Virginia, it appears that under § 1391(b)(1), venue is proper in the Eastern District of Virginia. Accordingly, the Plaintiff may re-file this action in the United States District Court for the Eastern District of Virginia.

CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's Motion fails to satisfy the requirements of Rule 54 of the Federal Rules of Civil Procedure. Accordingly, it is this 3rd day of October, 2013, ORDERED that:

1. Plaintiff's Motion (ECF No. 4) is DENIED; and
2. The Clerk of the Court transmit copies of this Memorandum Order to the Plaintiff and counsel.

_____/s/_____
Richard D. Bennett
United States District Judge